■ ANNIE LEVINE et al., Respondents, v DURASTICK SALES CO., INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, etc., Yellowstone Hardware Supply Corp. and Durastick Sales Co., Inc., appeal from an order of the Supreme Court, Queens County (Santucci, J.), dated September 10, 1982, which denied their respective motion and cross motion to strike the action from the Trial Calendar and directed the parties to complete all pretrial discovery within 60 days after the date of said order. Order reversed, with one bill of $50 costs and disbursements, motion and cross motion granted, plaintiffs' action is stricken from the Trial Calendar and plaintiffs' note of issue and certificate of readiness for trial are vacated. The note of issue and certificate of readiness for trial filed by the plaintiffs referred to plaintiffs' original action against defendant Durastick Sales Co., Inc. (hereinafter Durastick), and made no reference to the supplemental summons and amended complaint served by plaintiff without leave of the court upon the newly added defendants, Yellowstone Hardware Supply Corp. (hereinafter Yellowstone) and Marax Realty Co., after service of a third-party summons and complaint by Durastick upon Yellowstone (see CPLR 1009, 3025, subd [b]); 2004). The certificate of readiness for trial, dated July 15, 1982, filed by the plaintiffs, was in error with respect to each of the eight enumerated items applicable to a negligence action (22 NYCRR 103.1, 103.2, 675.1 *et seq.*). The plaintiffs' partial compliance with certain of the enumerated items and with pending demands and notices served by the defendants, after receipt of Yellowstone's notice of motion to strike the action from the calendar, dated July 13, 1982, and prior to September 9, 1982, the adjourned submission date of Yellowstone's motion and Durastick's cross motion, did not support denial of that motion and cross motion. Furthermore, a reply affirmation dated September 7, 1982, submitted in support of Yellowstone's motion, alleged that certain discovery in the third-party action was completed in August, 1982 and resulted in the preparation of pleadings for a fourth-party action by Yellowstone, the supplier of the wax used at the premises where plaintiff Annie Levine was injured, against Pall Mall Manu-

facturing Co., Inc., the manufacturer of the wax. Titone, J. P., Gulotta, Weinstein and Bracken, JJ., concur.